## The Inhabitants of LANESBOROUGH *versus* The Inhabitants of NEW ASHFORD.

P. *Baxter*, a pauper, known in the town of L. by the name of P. *La Barron*, was called, in a notice from that town to the town of N., P. *Labern*, and N. after ascertaining what person was intended, returned an answer that P. *Labern* had not a settlement in N. *Held*, that the notice was insufficient.

ASSUMPSIT to recover expenses incurred by the plaintiffs in supporting a pauper.

The jury found specially, that the name by which Patty *Baxter*, the pauper, was called in the notice of Lanesborough to New Ashford, was Patty *Labern;* that she was not known in New Ashford, prior to the notice, by the name of Patty *La Barron* as a matter of general reputation; that prior to the notice she was known by general reputation in Lanesborough by that name; that before the notice was answered, New Ashford, by partial previous knowledge and by diligent inquiry after the notice, ascertained that the notice was intended to apply to Patty Baxter; that the pauper was married to John La Barron, but the marriage was illegal and void; that she was the wife of Allen Baxter, and through him had acquired a settlement in New Ashford; and that New Ashford returned an answer, in due season, denying the settlement of Patty *Labern* to be in that town. If upon these facts judgment ought to be rendered for the plaintiffs, the jury found for them, &c., otherwise for the defendants.

*Sept. 18th.*

*Hubbard* and *Briggs*, for the plaintiffs, insisted that the notice was effectual; that the pauper's marriage *de facto* was sufficient to give her the name of La Barron, and it was enough for the plaintiffs to call her by her reputed name; that *Labern* is sounded so nearly like *La Barron*, as not to amount to a misnomer; Bac. Abr. *Misnomer, A, B;* Jac. Law Dict. *Misnomer;* 3 Caines's R. 219; 5 Johns. R. 84:

13 Johns. R. 486 ; 2 Caines's R. 362 ; 14 Johns. R. 89 ; and if so, that the general answer of the defendants denying the settlement of Patty Labern, after they knew that Patty Baxter was the person so named, cured the defect in the notice *Shelburne* v. *Rochester*, 1 Pick. 470, [2d edit. 474, n. 1 ;] *Shutesbury* v. *Oxford*, 16 Mass. R. 102 ; *Embden* v. *Augusta*, 12 Mass. R. 307 ; *Paris* v. *Hiram*, ibid. 267.

*C. A. Dewey*, *contrâ*, said that there was no ambiguity on the face of this notice, as in some of the cases cited, and so the defendants had not, by their answer, waived any right ; that they were obliged to answer in the manner they had done, for if they had been silent, the suit would have been for supporting Patty Labern, and they would have been concluded ; that the pauper should have been called by her legal name, or at least it should have been proved that *Labern* was her name of reputation in New Ashford ; that *Labern* and *La Barron* differ materially in spelling and pronunciation ; *Commonwealth* v. *Hall*, 3 Pick. 263, [2d edit. n. 1 ;] *Commonwealth* v. *Perkins*, 1 Pick. 388, [2d edit. n. 2 ;] and that the plaintiffs could not go out of the notice to show that the defendants knew to what person it related.

The cause was continued *nisi*, and at the next term held at Northampton the Court ordered that judgment be entered for the defendants.